UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL-STEVE COX,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>STATE OF NEVADA, et al.,<br><br>　　　　　　　Respondents. | Case No. 3:12-cv-00659-MMD-WGC<br><br>ORDER |

The petitioner has presented the Court with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and an application to proceed *in forma pauperis* (dkt. nos. 1 and 1-1).

The petitioner's application to proceed *in forma pauperis,* including the financial certificate, establishes that the petitioner qualifies for *in forma pauperis* status. He will be granted leave to proceed *in forma pauperis,* and will not be required to pay the filing fee for his habeas corpus petition.

The Court has reviewed the petition pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases. According to the petition, the claims presented are still pending before the state district court. In fact, petitioner admits that he has only just filed his state court action. *See* petition, p. 1, item 4.

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised.

*Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).[1] State remedies have not been exhausted unless the claim has been fairly presented to the state courts. *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979); *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728 (1999)("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); *Greene v. Lambert,* 288 F.3d 1081, 1086 (9th Cir. 2002).

In many instances, the federal court might permit a similar action to be stayed to allow the petitioner to exhaust his state remedies, if the petitioner can show good cause for his failure to exhaust. *Rhines v. Weber,* 544 U.S. 269, 277, 125 S.Ct. 1528, 1535 (2005). In this instance, however, petitioner has approached the federal court prematurely, while his state court proceedings are still pending. His one-year limitations period is, therefore, tolled and it does not appear that dismissal of this action without prejudice will prejudice petitioner's attempts to obtain relief. Therefore, the petition shall be dismissed.

IT IS THEREFORE ORDERED that petitioner's application to proceed *in forma pauperis* (dkt. no. 1) is GRANTED.  Petitioner shall not be required to pay a filing fee to file his habeas corpus petition.

///

---

[1] 28 U.S.C. § 2254(b) states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that: (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

1       IT IS FURTHER ORDERED that the Clerk shall file and electronically serve the petition (dkt. no. 1-1) and a copy of this order upon the respondents.  The petition is DISMISSED WITHOUT PREJUDICE as unexhausted and premature.  The Clerk shall enter judgment accordingly.

      DATED THIS 17th day of June 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3